Brody Valerga (USB #11789)
VALERGA LAWYERS
395 South Main Street, Suite 201
Alpine, Utah 84004
Telephone: (801) 893-3635
Facsimile: (801) 396-7164
Email: brody@valergalawyers.com
*Special Counsel for the Debtor in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**PLAZA 106, LLC,**<br>        Debtor in Possession. | Bankruptcy No. 25-bk-25459-PH<br><br>Chapter 11 |
| **PLAZA 106, LLC,**<br>        Plaintiff,<br>v.<br>**FIRST UTAH BANK**, a Utah state-chartered bank; and **MICHAEL R. BROWN**, in his capacity as Successor Foreclosure Trustee,<br>        Defendants. | Hon. Peggy Hunt<br><br>Adversary Proceeding No. 26-02063 |

## DEBTOR-PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE OF THE
## ADVERSARY PROCEEDING AND MEMORANDUM IN SUPPORT

*(Directed to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a))*

### RELIEF REQUESTED AND GROUNDS

Plaintiff Plaza 106, LLC, the debtor in possession (the "Debtor" or "Plaza 106"), respectfully moves the United States District Court for the District of Utah, under 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), for an order withdrawing the reference of this adversary proceeding in its entirety. Consistent with this District's procedure, the Debtor files this Motion with the Bankruptcy Court for transmittal to the District Court, which alone will decide it. Fed. R. Bankr. P. 5011(a).

1

The specific relief sought is withdrawal of the reference of Adversary Proceeding No. 26-02063 to the District Court for all purposes. Cause exists on four independent grounds: (1) the proceeding is dominated by legal claims for money damages on which the Debtor has timely demanded a jury; (2) the Bankruptcy Court may not conduct a jury trial absent the express consent of all parties under 28 U.S.C. § 157(e), and no such consent exists; (3) the claims are non-core, state-law claims that, under *Stern v. Marshall*, the Bankruptcy Court may not finally adjudicate without consent, which the Debtor withholds; and (4) judicial economy favors adjudication of the entire proceeding in a single Article III forum. The grounds and supporting authority are set out in the incorporated memorandum below. DUCivR 7-1(a)(1).

## MEMORANDUM IN SUPPORT

### I.      BACKGROUND

1.      On April 17, 2026, the Debtor commenced this adversary proceeding against First Utah Bank ("FUB") and Michael R. Brown, the successor foreclosure trustee under the deed of trust encumbering the Debtor's real property. The operative pleading is the First Amended Verified Complaint (the "Complaint").

2.      The Complaint asserts eight counts. Counts 1 and 2 assert strict accountability and bad faith under Utah's Uniform Commercial Code (Utah Code §§ 70A-4-302, 70A-4-215, 70A-4-103), arising from two bank-initiated debits of the Debtor's checking account that FUB reversed or deleted. Count 3 asserts spoliation of evidence. Count 4 asserts breach of the deposit-account agreement. Count 6 asserts tortious interference with economic relations. Count 7 asserts conspiracy to defraud the trustor under Utah Code § 57-1-25(5) against both FUB and Brown. Each of these counts seeks money damages. Count 5 asserts breach of the trustee's duty of good

faith against Brown. Count 8 seeks relief from a prior order under Federal Rule of Civil Procedure 60(d)(3) on the ground that the order was procured by fraud on the court.

3.     The Complaint demands a trial by jury on all triable claims and states that the Debtor does not consent to the entry of final orders or judgment by the Bankruptcy Court. The Debtor has separately filed a Notice of Non-Consent.

4.     Defendant Brown is not a party to the loan agreement, the promissory note, any guaranty, or any other agreement between the Debtor and FUB. He is named solely in his capacity as successor foreclosure trustee.

5.     The non-judicial trustee's sale that the Debtor originally sought to enjoin occurred on April 21, 2026. The proceeding is at the pleading stage: no scheduling order or trial date has been entered, and the Bankruptcy Court has not adjudicated any claim.

## II.     LEGAL STANDARD

6.     A district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). A motion to withdraw the reference is heard and decided by a district judge, not the bankruptcy judge. Fed. R. Bankr. P. 5011(a).

7.     "Cause" is not defined by statute and is determined on the facts of each case. Courts weigh factors including whether the proceeding is core or non-core, the efficient use of judicial resources, uniformity of bankruptcy administration, reduction of forum shopping, conservation of the parties' resources, and whether a party has demanded a jury trial. See *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993). This District has held that permissive withdrawal is appropriate where either judicial economy would be served or a party has a right to a jury trial, and on that standard it withdrew the reference of a non-core proceeding where a non-debtor defendant timely

demanded a jury and had not consented to the bankruptcy court's adjudication. *In re Am. Cmty. Serv., Inc.*, No. 86PC-0996 (D. Utah Apr. 29, 1988) (unpublished). Both circumstances are present here.

### III.    ARGUMENT

**A.    The Debtor's timely jury demand on legal claims the Bankruptcy Court cannot try is cause to withdraw.**

8.    The Seventh Amendment preserves the right to a jury trial for claims at law seeking money damages. Counts 1, 2, 4, 6, and 7 seek money damages on legal theories—statutory accountability under the UCC, breach of the deposit-account contract, tortious interference, and statutory conspiracy. These are legal claims to which the jury right attaches. See *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

9.    The bankruptcy setting does not diminish that right. A litigant relinquishes the jury right only by submitting a claim against the estate and thereby subjecting itself to the equitable process of allowing and disallowing claims. See *id.*; *Langenkamp v. Culp*, 498 U.S. 42 (1990) (per curiam). The Debtor is the plaintiff here; it has filed no proof of claim against its own estate and has not invoked that process. Its counts are affirmative claims for damages against the Defendants, not objections to any creditor's claim. The Seventh Amendment right is therefore intact.

10.    The right is unencumbered as to Defendant Brown for the additional reason that Brown is a party to none of the agreements between the Debtor and FUB; no contractual provision governs the legal claims asserted against him.

11.    The Bankruptcy Court cannot conduct the jury trial. A bankruptcy judge may conduct a jury trial only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e); see Fed. R. Bankr. P. 9015.

No party has consented, and the Debtor does not consent. The jury trial must therefore be held in the District Court—and a timely-demanded jury right on claims a party has not agreed to have the bankruptcy court adjudicate is, standing alone, recognized cause to withdraw the reference. *In re Am. Cmty. Serv., Inc.*, supra.

**B.      The claims are non-core and, under *Stern*, may not be finally adjudicated by the Bankruptcy Court without the consent the Debtor withholds.**

12.      The Complaint's claims arise under state law—Utah's Uniform Commercial Code, Utah's foreclosure-trustee statute (Utah Code § 57-1-25(5)), the common law of tortious interference, and the parties' deposit-account contract. They exist independent of the bankruptcy, do not depend on the Bankruptcy Code for their rule of decision, and would not necessarily be resolved in the course of ruling on any proof of claim. Under *Stern v. Marshall*, 564 U.S. 462 (2011), a bankruptcy court lacks constitutional authority to enter final judgment on a state-law claim that neither stems from the bankruptcy itself nor would necessarily be resolved in the claims-allowance process—even when the claim is labeled "core" by statute.

13.      Even assuming any count were treated as core, the result is the same: absent the parties' consent, the Bankruptcy Court could enter only proposed findings of fact and conclusions of law, subject to de novo review by the District Court. 28 U.S.C. § 157(c)(1); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). Consent to final adjudication by a non-Article III tribunal must be knowing and voluntary and will not be presumed. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015). The Debtor expressly withholds consent and has filed a Notice of Non-Consent.

14.      The practical consequence confirms that withdrawal is the efficient course. If the proceeding remains below, the Bankruptcy Court can do no more than recommend; the District

Court must then review the dispositive matters de novo and, in any event, conduct the jury trial. Withdrawing the reference now avoids that duplicative two-step and places the proceeding, from the outset, in the only forum that can both enter final judgment and try the case to a jury.

**C.     Judicial economy and the claims' common factual nucleus favor withdrawing the entire proceeding now.**

15.     All eight counts arise from a single, common nucleus of fact: two bank-initiated debits of the Debtor's account, their reversal and deletion, the concealment of those events, and the foreclosure that followed. The legal and equitable claims thus turn on the same evidence and the same witnesses.

16.     Where legal and equitable claims share common questions of fact, the legal claims must be tried first to a jury, and the jury's findings bind the court's later resolution of the equitable claims. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962). Splitting this proceeding—retaining the equitable count below while the legal claims proceed in the District Court—would therefore be unworkable, would waste judicial and party resources, and would risk inconsistent findings on the same facts. The entire proceeding should be heard together in the District Court.

17.     No countervailing bankruptcy interest favors retention. The event the Debtor originally sought to enjoin—the trustee's sale—has already occurred, so no time-sensitive question of estate administration requires the Bankruptcy Court's continued involvement. And because the proceeding is at the pleading stage, withdrawal now—before the Bankruptcy Court invests resources in matters it cannot finally decide—is the least disruptive and most economical course. Uniformity of bankruptcy administration is not implicated, because these state-law and constitutional questions are not matters of bankruptcy administration.

**D.      The Motion is timely.**

18.      Section 157(d) requires only that a withdrawal motion be "timely." This Motion is filed at the threshold of the adversary proceeding, promptly after the filing of the operative First Amended Verified Complaint and the jury demand it contains, and before entry of any scheduling order, any trial date, or any adjudication by the Bankruptcy Court. No party is prejudiced by withdrawal at this early juncture. The Motion is therefore timely.

## IV.      CONCLUSION

19.      For the foregoing reasons, the Debtor respectfully requests that the United States District Court for the District of Utah withdraw the reference of Adversary Proceeding No. 26-02063 in its entirety, and grant such other and further relief as is just and proper.

DATED: June 2, 2026.

VALERGA LAWYERS

/s/ Brody Valerga
Brody Valerga (USB #11789)
Attorney for Plaintiff and Debtor in Possession

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with the type-volume limitation of DUCivR 7-1(a)(3)(C). Excluding the caption, signature block, and certificates, the Motion contains approximately 1692 words, which is within the 2,500-word limit.

/s/ Brody Valerga
Brody Valerga

## **CERTIFICATE OF SERVICE**

I certify that on June 2, 2026, I caused the foregoing DEBTOR-PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING AND MEMORANDUM IN SUPPORT to be filed with the Clerk of the United States Bankruptcy Court for the District of Utah using the CM/ECF system, which caused a Notice of Electronic Filing to be served upon all counsel of record, including counsel for Defendants First Utah Bank and Michael R. Brown.

/s/ Brody Valerga
Brody Valerga
