Brody Valerga (USB #11789)
VALERGA LAWYERS
395 South Main Street, Suite 201
Alpine, Utah 84004
Telephone: (801) 893-3635
Facsimile: (801) 396-7164
Email: brody@valergalawyers.com
*Special Counsel for the Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>**PLAZA 106, LLC,**<br>          Debtor in Possession. | Bankruptcy No. 25-bk-25459-PH<br><br>Chapter 11 |
| **PLAZA 106, LLC,**<br>          Plaintiff,<br>v.<br>**FIRST UTAH BANK**, a Utah state-chartered bank; and **MICHAEL R. BROWN**, in his capacity as Successor Foreclosure Trustee,<br>          Defendants. | Hon. Peggy Hunt<br><br>Adversary Proceeding No. 26-02063 |

**DEBTOR-PLAINTIFF'S NOTICE OF NON-CONSENT TO ENTRY OF FINAL**

**ORDERS OR JUDGMENT BY THE BANKRUPTCY COURT**

Plaintiff Plaza 106, LLC, the debtor in possession (the "Debtor"), by and through

undersigned counsel, respectfully submits this Notice of Non-Consent and states as follows:

1. Pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012(b) and 28

U.S.C. § 157(c)(1), the Debtor does not consent to the entry of final orders or judgment by the

Bankruptcy Court in this adversary proceeding.

2. As set forth in the First Amended Verified Complaint, the claims asserted in this

adversary proceeding are non-core. They arise under state law and exist independent of the

bankruptcy case. To the extent any claim is deemed core under 28 U.S.C. § 157(b), it is one on

1

which the Bankruptcy Court may not constitutionally enter final orders or judgment under *Stern v. Marshall*, 564 U.S. 462 (2011), absent the consent of the parties.

3.      Consent to the entry of final orders or judgment by a non-Article III tribunal must be knowing and voluntary. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015). The Debtor gives notice that it does not consent, and that no consent should be inferred or implied from the filing of any pleading or paper, from any appearance, or from the Debtor's participation in any proceeding before the Bankruptcy Court.

4.      Because the Debtor does not consent, the Bankruptcy Court's authority over any non-core claim is limited to the submission of proposed findings of fact and conclusions of law for de novo review by the United States District Court for the District of Utah. 28 U.S.C. § 157(c)(1). That limitation is among the grounds for the Debtor's concurrently filed Motion to Withdraw the Reference.

5.      The Debtor further does not consent, under 28 U.S.C. § 157(e) and Federal Rule of Bankruptcy Procedure 9015(b), to the conduct of a jury trial by the Bankruptcy Court. The Debtor has demanded a trial by jury and does not consent to the exercise of such jurisdiction by the Bankruptcy Court.

6.      This Notice is filed concurrently with the Debtor's Motion to Withdraw the Reference of the Adversary Proceeding. Neither this Notice nor any act of filing, appearing, or litigating in this proceeding constitutes consent to the entry of final orders or judgment by the Bankruptcy Court, or a waiver of the Debtor's right to adjudication by an Article III court or of its demand for a jury trial. The Debtor expressly reserves all such rights.

DATED: June 2, 2026.

VALERGA LAWYERS

/s/ Brody Valerga
Brody Valerga
Attorney for Plaintiff and Debtor in Possession

## CERTIFICATE OF SERVICE

I certify that on June 2, 2026, I caused the foregoing DEBTOR-PLAINTIFF'S NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT BY THE BANKRUPTCY COURT to be filed with the Clerk of the United States Bankruptcy Court for the District of Utah using the CM/ECF system, which caused a Notice of Electronic Filing to be served upon all counsel of record, including counsel for Defendants First Utah Bank and Michael R. Brown.

/s/ Brody Valerga
Brody Valerga