26-2063Zack L. Winzeler, USB #12280
Brian M. Rothschild, USB #15316
Whitney E. McKiddy, USB #17585
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
ZWinzeler@parsonsbehle.com
BRothschild@parsonsbehle.com
WMcKiddy@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendants, Counterclaim Plaintiff,*
*and Third-Party Plaintiff*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>PLAZA 106 LLC,<br><br>          Debtor. | |
| PLAZA 106 LLC,<br><br>          Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>FIRST UTAH BANK, a Utah State Chartered Bank; and MICHAEL R. BROWN, in his capacity as Successor Foreclosure Trustee,<br><br>          Defendants and Counterclaim Plaintiff | Adv. No. 26-ap-02063-PH<br><br>(Related to Case No. 25-bk-25459-PH)<br><br>Chapter 11 |
| FIRST UTAH BANK, a Utah State Chartered Bank,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>NAGENDRA PRASAD REDDY,<br><br>          Third-Party Defendant. | Judge Peggy Hunt |

## REPLY IN SUPPORT OF MOTION TO DISMISS

4921-2856-1339

Nothing in the Opposition (the "**Opposition**") to the Motion to Dismiss (the "**Motion**") resurrects Plaza's hopelessly deficient claims, and the Court should dismiss Plaza's Amended Complaint in its entirety. Plaza's Opposition generally relies on two arguments (1) that Defendants raise fact issues in response to the allegations in Plaza's Amended Complaint, and (2) that the Court should grant it leave to amend its inadequately pleaded claims. Plaza is incorrect on each front.

For the purposes of the Motion, Defendants accept as true Plaza's well-pleaded allegations. These allegations include that Plaza's checking account was fully refunded for the first Alleged Transaction. Plaza also alleges that the second Alleged Transaction was "deleted" or "erased" as if it had never happened—*i.e.*, the balance of Plaza's checking account remained the same. What Plaza fails to allege is *any* amount debited from his checking account that was not returned. Plaza further alleges that neither Alleged Transaction was applied to the Loan or credited in the foreclosure proceedings. These admissions are fatal to Plaza's claims as, at a minimum, a plaintiff must make a plausible allegation of damages or basis for relief from the foreclosure proceedings. Accordingly, the Court should grant the Motion and dismiss the Amended Complaint in its entirety.[1]

The Court should also reject Plaza's improper request for leave to amend, or any other affirmative relief made in its Opposition. *See* DUCivR 7-1(a)(3) ("A party may not make a motion…in a response[.] Any motion must be separately filed.").

---

1 Defendants understand that the instant adversary proceeding is currently stayed pursuant to the Court's June 12, 2025 docket text order stating, "This adversary proceeding is stayed pursuant to FRBP 5011 pending resolution of the motion to withdraw the reference." Based on this Order, Defendants do not dispute that this Motion should be resolved after the Motion to Withdraw the Reference is resolved and the stay is lifted or the action is transferred to the District Court.

4921-2856-1339

**ARGUMENT**

**I.    PLAZA'S ALLEGATIONS IN THE AMENDED COMPLAINT DEMONSTRATE THAT IT HAS NO DAMAGES BASED ON THE ALLEGED TRANSACTIONS, AND THERE WAS NO DEFECT IN THE FORECLOSURE PROCEEDINGS.**

In its Amended Complaint, Plaza alleges that any funds auto-debited from its checking account in the Alleged Transactions were both (1) returned to it, and (2) not applied to the Loan. *See* Am. Compl. ¶¶ 15, 25. That is, Plaza does not allege that there is *any* amount missing from its checking account as a result of the Alleged Transactions. As to Transaction 1, Plaza alleges it received a refund. *Id.* ¶ 15. As to Transaction 2, Plaza alleges that "[i]t had been completely erased from the record" with "no trace." *Id.* ¶ 25. In other words, there was no record of any funds leaving Plaza's checking account that were not returned. Plaza further alleges that no funds debited from its checking account were applied to the Loan. *Id.* ¶¶ 15, 25.

As explained in the Motion, these allegations are dispositive of Plaza's claims because there is no relief that could be granted, either in damages or from the foreclosure proceedings. *See* Mot. at 10–15. Specifically, Plaza has not alleged that any funds are missing from its checking account—*i.e.*, the funds were either refunded or that the transaction was "completely erased." Accordingly, Plaza's first claim for relief under the UCC Midnight Deadline fail because it alleges that it has already received "the amount of the late [transaction]." *Id.* at 10. Plaza further failed to plausibly allege a damages theory based on its contention that the Bank was obligated to apply the funds from the Alleged Transactions to the Loan instead of refunding them to Plaza's checking account. *Id.* at 12–13. Finally, Plaza fails to plausibly allege any theory upon which they could obtain relief from the foreclosure proceedings because it affirmatively alleged that no payments were made to the Loan, which it admits was in default. *Id.* at 13–15.

2

4921-2856-1339

In response, Plaza makes four arguments. Each fails. First, Plaza insists that because its checking account was allegedly "subject to the auto-debit authorization under the Loan Agreement" that it did authorize the Alleged Transactions. Opp. at ¶ 20. As an initial matter, this argument is inconsistent with Plaza's own allegations that its principal "did not initiate[]" either Alleged Transaction. *See* Am. Compl. ¶¶ 15, 20. But even if Plaza had alleged that it authorized the Alleged Transactions as payments to the Loan, it would not change the analysis because Plaza has failed to plausibly allege that the Bank was obligated to apply the funds to the Loan, especially in light of the September 25, 2024 Acceleration Notice stating the Bank "will not accept partial payments to bring th[e] [L]oan current." Am. Compl. ¶ 12; Mot. Exh. C, Acceleration Notice. Without alleging that the Bank had any obligation to apply the Alleged Transactions to the Loan, Plaza has failed to plausibly allege any damages that it suffered based on the Alleged Transactions being refunded or "completely erased" such that its checking account balance remained the same.

Second, Plaza seems to assert that it has been damaged because a monthly Loan statement "later showed a shortfall of 'exactly $35,411.14.'" *See* Opp. at ¶¶ 22, 24. Plaza is incorrect that this "shortfall" helps in its effort to plausibly allege damages to support its claims. Again, Plaza has not alleged any "shortfall" in its checking account as a result of the Alleged Transactions. Instead, what Plaza has alleged is that "as of February 4, 2026, the [L]oan shows 16 payments past due instead of 18." Am. Compl. ¶ 33. That is, the monthly Loan statement indicated that Plaza owed less than it actually did, despite neither Alleged Transaction being applied to the Loan. *Id.* ¶¶ 15, 25. But Plaza fails to explain how this "shortfall" supports its theories of damages, especially where Plaza affirmatively alleges the Alleged Transactions were not applied to the Loan.  And being behind by 16 rather than 18 payments is not a defense to default or foreclosure.

4921-2856-1339

Third, Plaza asserts that it can rely on consequential damages proximately caused by the Bank to support its claim under Utah Code § 70A-4-103.[2] Opp. at ¶ 30. Plaza is correct that Utah Code § 70A-4-103(5) allows "[t]he measure of damages for failure to exercise ordinary care in handling an item . . . includes any other damages the party suffered as a proximate consequence . . . [i]f there is bad faith." But this statute setting forth the measure for damages does not change the analysis of whether Plaza has plausibly alleged any damages in the first instance. With this claim, Plaza's second claim for relief, it alleges that it was damaged because (1) the Bank did not apply the Alleged Transactions to the Loan, and (2) the foreclosure proceedings did not reflect the Alleged Transactions. As explained in the Motion, both theories of damages fail because (1) Plaza has not alleged that the Bank was obligated to apply the auto-debited Alleged Transactions to the Loan and (2) Plaza affirmatively alleged that the Alleged Transactions were not applied to the Loan—so there was no defect in the foreclosure proceedings. The statute cited by Plaza to support the measure of damages for a bad faith claim does not change this result.

Finally, Plaza maintains that it has plausibly alleged a defect in the foreclosure proceedings because the Alleged Transactions "became final under § 70A-4-215." But even if the debits from Plaza's checking account "became final" twenty-four hours after they were initiated, this fact still does not plausibly allege that any Loan payment was made. Instead, Plaza specifically alleges that neither Alleged Transaction was applied to the Loan. *See* Am. Compl. ¶¶ 15, 25. As explained in

---

2 To the extent Plaza relies on Defendants' Answer to Plaza's original complaint to support its bad faith argument, the citation is improper. After Plaza filed its Amended Complaint, Defendants' Answer is no longer an operative pleading—*i.e.*, it has "no legal effect." *Cont'l Credit Corp. v. Garcia*, No. 15-CV-1251-NYW, 2016 WL 614475, at *2 (D. Colo. Feb. 16, 2016) (citing *Franklin v. Kansas Dep't. of Corrs.*, 160 F. App'x 730, 734 (10th Cir. 2005) (noting that a defendant's "previous answer became moot and was superseded by the answer he filed to the Amended Complaint"); *see also Cougar Canyon Loan LLC v. Walker*, 2020 UT App 176, ¶ 18, 482 P.3d 227.

4921-2856-1339

the Motion, where no payment was made to the Loan, Plaza has failed to plausibly allege any defect in the foreclosure proceedings.

In sum, Plaza has failed to allege that any amount debited from its checking account was not either returned or never taken. Plaza further affirmatively alleged that the Alleged Transactions were not applied to the Loan. Because Plaza has failed to plausibly allege that it was damaged in any way by the Alleged Transactions, or the foreclosure proceedings failed to credit Plaza for any Loan payments, Plaza has failed to allege any damages or defects in the foreclosure proceedings to support the following claims: (1) Count 1 – violation of the UCC Midnight Deadline pursuant to Utah Code § 70A-4-302; (2) Count 2 – bad faith pursuant to Utah Code § 70A-4-103; (3) Count 4 – breach of deposit agreement; (4) Count 5 – breach of trustee's duty of good faith; (5) Count 6 – tortious interference with economic relations; and (6) Count 7 – conspiracy to defraud trustor pursuant to Utah Code § 57-1-25(5). Accordingly, the Court should dismiss the claims.

## II.     PLAZA ALL BUT CONCEDES THAT ITS BREACH OF CONTRACT CLAIM IS INADEQUATELY PLEADED.

The Court should dismiss Plaza's breach of contract claim because Plaza failed to allege that the Bank breached any obligation that it had under an agreement with Plaza. *See* Mot. at 15. It is beyond dispute that a breach of contract claim requires identification of the contract and provision allegedly violated.

Plaza maintains that its allegations are sufficient for notice pleading, even without identifying any obligation under the alleged agreement that the Bank breached. *See* Opp. ¶ 43. It is incorrect. Even under the liberal standards of notice pleading, a defendant needs to be given notice of the obligations that it allegedly breached. *Storey v. Seipel*, No. 2:22-CV-00486-RJS-DAO, 2024 WL 4436609, at *7 (D. Utah Oct. 24, 2024) ("If a complaint fails to adequately plead

the contract's terms that were allegedly violated and complied with, the claim must be dismissed for failing to state a claim."); *see id.* at 7 n.100 (collecting cases supporting the same conclusion). Plaza's bare allegations that there was a contract, without identifying a single obligation that the Bank allegedly breached, do not meet this standard.

Because Plaza has failed to adequately allege *any* obligation that the Bank allegedly breached, the Court should dismiss the claim. Moreover, Plaza's attempt to request leave to amend without specifying *how* it would remedy this fatal defect is improper and should be rejected. Further, it is procedurally improper.  *See* Local Rule 9013-1(e)(4) ("No motion may be included in a response or reply memorandum. Such a motion must be made in a separate document.").

III.   **PLAZA HAS FAILED TO ADEQUATELY ALLEGE ANY IMPROPER MEANS TO SUPPORT ITS INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS CLAIM.**

Plaza's intentional interference with economic relations claim should be dismissed for at least two reasons. First, this tort claim requires a plaintiff to plausibly allege damages. *See Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553. As described in the Motion and above, Plaza has failed to allege any cognizable damages from the Alleged Transactions. Second, Plaza's intentional interference with economic relations claim fails because it has not alleged any interference with Plaza's economic relationships by improper means. *See* Mot. at 16–17. Specifically, Plaza's alleges that the Bank posted notice of foreclosure sale, which cannot constitute improper means because the posting is authorized—and required—by law. *Id.*

In response, Plaza attempts to identify other "improper means," alleged in the Amended Complaint. Opp. at ¶¶ 49–52. Of course, Plaza did not allege that any of the various alleged statutory violations interfered with his existing or potential economic relations. *See* Am. Compl.

6

¶¶ 65–68. Instead, in the Amended Complaint Plaza alleges that the Bank interfered with its economic relations by posting the Notice of Sale "on the tenant doors at the Property." *Id.* ¶ 66. The Bank's posting of the Notice of Sale was authorized—and required—by law. *See* Mot. at 16 (citing Utah Code § 57-1-24(3), Utah Code § 57-1-25(1)(b)(ii)).

Moreover, even if Plaza had included the various alleged statutory violations to support its intentional interference with economic relations claim, it has failed to identify how the Bank's alleged statutory violations intentionally interfered with Plaza's economic relations. *See Eldridge*, 2015 UT 21, ¶ 70 (requiring a plaintiff to plausibly allege "that the defendant intentionally interfered with the plaintiff's existing or potential economic relations . . . by improper means"). For example, Plaza fails to cite any allegation in its Amended Complaint plausibly alleging how the Bank intentionally interfered with Plaza's economic relations by violating the UCC midnight deadline, Utah Code § 70A-4-302. Here, the only "improper means" alleged by Plaza is Defendant's posting of the Notice of Sale at the Property. Because the posting was authorized by law, it cannot serve as an "improper means" to support Plaza's intentional interference claim. *See Mackey v. Krause*, 2025 UT 37, ¶ 105, 575 P.3d 1162. Accordingly, the Court should dismiss Plaza's intentional interference with economic relations claim.

IV.     **PLAZA CONCEDES THAT ITS SPOLIATION CLAIM SHOULD BE DISMISSED.**

Plaza concedes that "Utah has declined to recognize an independent tort of spoliation." Opp. at 15. Accordingly, the Court should dismiss Plaza's third cause of action for "spoliation of evidence." *See* Am. Compl. ¶¶ 50–53. To the extent that Plaza seeks any relief beyond dismissing this claim, its request is improper. *See* Local Rule 9013-1(e)(4) ("No motion may be included in a response or reply memorandum. Such a motion must be made in a separate document.").

4921-2856-1339

## V.   PLAZA'S CLAIM UNDER RULE 60(D)(3) IS BARRED BECAUSE PLAZA IS NOT CHALLENGING A "JUDGMENT" AND PLAZA HAS OTHER AVAILABLE REMEDIES.

Plaza's eighth cause of action asks for an order "vacating the Order Granting [the Bank's] Motion for Relief from Stay." *See* Am. Compl. ¶ 91. As explained in the Motion, this claim fails because Plaza has not pleaded the elements required to assert an independent action under Rule 60(d), including that Plaza "ha[s] no other available or adequate remedy[.]" *See* Mot. at 18–19 (quoting *In re Mucci*, 488 B.R. 186, 195–96 (Bankr. D.N.M. 2013)).

In response, Plaza insists it did not intend to assert an independent action under Federal Rule of Civil Procedure 60(d)(1) and instead maintains that it is only asserting a claim under Rule 60(d)(3). This position raises a more fundamental reason why Plaza's claim fails. Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the court." But Plaza has not identified any judgment to be set aside. Instead, Plaza asks the Court to vacate the order granting the Bank's Motion for Relief from Stay. *See* Am. Compl. ¶ 91. Because Rule 60(d)(3) applies only to set aside "a judgment," Plaza fails to state a claim under this rule without identifying a judgment to be set aside.

Federal Rule of Civil Procedure 60(d)(1), on the other hand, allows a court to "entertain an independent action to relieve a party from a judgment, *order*, or proceeding[.]" (emphasis added). However, if the Court were to interpret Plaza's claim as seeking relief under this Rule, it fails because Plaza has other available or adequate remedies in the underlying bankruptcy. *See* Mot. at 18–19; *see also In re Mucci*, 488 B.R. at 195–96 (noting that a plaintiff asserting an independent

8

claim under Rule 60(d)(1) must "show that they have no other available or adequate remedy").[3]

For example, it can file a motion under Rule 60(b)(3). By doing so, it can preserve his record for a subsequent appeal or further review. As a party to the underlying bankruptcy that remains pending, Plaza fails to allege any circumstances that would permit the "narrow avenue" of relief through an independent action to vacate the Court's order. *See Wellington v. MTGLQ Invs., LP*, No. 23-2101, 2024 WL 1573948, at *2 (10th Cir. Apr. 11, 2024) (unpublished).

Because Plaza has failed to allege any judgment he seeks to set aside with the Amended Complaint, his requested relief under Rule 60(d)(3) fails to state a claim. Moreover, if the Court were to interpret his claim as seeking relief under Rule 60(d)(1), it fails because Plaza has other available or adequate remedies beyond the independent action asserted here. Accordingly, the Court should dismiss Plaza's eighth cause of action.

## <u>CONCLUSION</u>

For the reasons set forth in the Motion and above, the Court should dismiss Plaza's Amended Complaint in its entirety.

DATED: July 10, 2026

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
Zack L. Winzeler
Whitney E. McKiddy

*Attorneys for Defendants, Counterclaim Plaintiff, and Third-Party Plaintiff*

---

3 Underlying this rule are basic principles of judicial economy and finality. By requiring a plaintiff to demonstrate that it has no available remedies before asserting an independent action for review of an order, the court ensures that litigants do not use this rule as a mechanism to litigate about ongoing litigation and seek review of an interlocutory order before the final judgment—as Plaza attempts to do with this action.

4921-2856-1339

## <u>CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)</u>

I hereby certify that on July 10, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

**Brody Valerga on behalf of Plaintiff Plaza 106, LLC**
brodyvalerga@gmail.com

*/s/ Brian M. Rothschild*
Brian M. Rothschild

4921-2856-1339